IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thare Gonzalez-Medina,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-15-2434-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

    Thare Gonzalez-Medina filed an amended motion under 28 U.S.C. § 2255 arguing that his sentence was improperly increased under *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). Respondents raise several arguments against granting him relief. As explained below, the Court recommends that Gonzalez-Medina's petition be denied and dismissed with prejudice.

**Background**

    In 2005, Gonzalez-Medina was convicted of one felony count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(B)(vii) ("2005 Conviction"). (2:04-CR-00597-SMM at Doc. 28) He was sentenced to 40 months in prison to be followed by a term of supervised release ("2005 Sentence"). (*Id.*)

    In 2009, Gonzalez-Medina entered a plea of guilty to one count of illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) ("2009 Conviction"). (2:09-CR-00881-DGC at Docs. 19, 20) His sentence was enhanced under 8 U.S.C. § 1326(b)(1)

("2009 Sentence"). (*Id.*) He was released from custody on December 5, 2011, and he was removed from the United States shortly thereafter. (Doc. 15, Exs. 3, 4)

In 2013, Gonzalez-Medina was found in the United States and again entered a plea of guilty to one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) ("2013 Conviction"). (4:13-CR-01511-TUC-JGZ at Doc. 20) His sentence was enhanced under 8 U.S.C. § 1326(b)(2) ("2013 Sentence"). (*Id.*)

In 2015, Gonzalez-Medina moved for relief under 28 U.S.C. § 2255. (Doc. 6) It appears that he is arguing that he should be resentenced under *Johnson v. U.S.*, 135 S.Ct. 2551 (2015).

**Analysis**

The Government raises several arguments against the Court's review of Gonzalez-Medina's motion.[1] (Doc. 15) Assuming that the Court can review his claim for relief, Gonzalez-Medina is not entitled to any.

In *Johnson*, the U.S. Supreme Court found that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, 135 S.Ct. 2551. However, Gonzalez-Medina's 2013 Conviction and Sentence were based on 8 U.S.C. §§ 1326(a) and (b)(2). Neither of these statutes contains a residual clause and so *Johnson* is inapposite. Gonzalez-Medina's 2013 Sentence was enhanced because of his 2009 Conviction which, in turn, was enhanced because of his 2005 Conviction. Neither the 2005 Conviction nor the 2009 Conviction involved a sentencing enhancement that was based on a residual clause and so Gonzalez-Medina cannot argue that he is entitled to relief under *Johnson*.

**IT IS THEREFORE RECOMMENDED** that Thare Gonzalez-Medina's Amended Motion to Vacate, Set Aside or Correct Sentence be **denied and dismissed with prejudice** (Doc. 6).

---

[1] One of Respondent's arguments is that Gonzalez-Medina's claims are moot because he is no longer in custody for the 2009 Conviction. (Doc. 15 at 7-8) The Court agrees that he is not entitled to relief but notes that petitioners may challenge the collateral consequences of a conviction even after their release from custody. *See, e.g., Spencer v. Kemna*, 523 U.S. 1 (1998) (release from prison does not render habeas petition moot because petitioner may still suffer from collateral consequences).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of September, 2016.

_____
David K. Duncan
United States Magistrate Judge